IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON GROSSI, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 9-1427 |
| ) | |
| v. ) | |
| ) | |
| TRAVELERS INSURANCE COMPANY, ) | |
| CYNTHIA SHARKEY, and ANDREW ) | |
| MAKAR, JR., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**SYNOPSIS**

This civil action was removed to this Court solely based on diversity of citizenship. The action, which asserts claims of bad faith and violations of state consumer protection laws against the Defendant insurance company and two of its adjusters who handled Plaintiff's claim, stems from a car accident that occurred in Beaver County, Pennsylvania.

Before the Court is Plaintiff's Motion to Remand, on grounds that Defendant Sharkey, like Plaintiff, is a citizen of Pennsylvania. Defendants oppose remand, on grounds that Sharkey has been fraudulently joined. Also pending are Motions to Dismiss filed by Defendants Sharkey and Makar.

For the following reasons, Plaintiff's Motion will be granted, and this matter remanded to the Court of Common Pleas of Beaver County. Absent jurisdiction, the remaining Motions will be denied without prejudice.

**OPINION**

**I. Applicable Standards**

An action based upon diversity shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).  Our Court of Appeals, noting that plaintiffs may sue "those parties whom they choose to sue, subject only to the rules of joinder of necessary parties," has observed that a district court should not "interfere with...plaintiff's election unless the plaintiff had impermissibly manufactured diversity or used an unacceptable device to defeat diversity."  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110 (3d Cir. 1990).

In this Circuit, joinder of a non-diverse defendant is fraudulent if "'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'"  Santos v. Norfolk S. Ry. Co., No. 08-4521, 2008 U.S. Dist. LEXIS 85532, at *9 (E.D. Pa. Oct. 21, 2008).  In assessing this question, the Court must resolve any legal uncertainties in the plaintiff's favor, and assume as true all factual allegations in the complaint.  Pa. Emples. Benefit Trust Fund v. Eli Lilly & Co., No. 07-2057, 2007 U.S. Dist. LEXIS 74579, at *28 (E.D. Pa. Oct. 5, 2007).  While I am permitted to look to more than the pleading allegations, I cannot exceed the jurisdictional issue, and step into an assessment of the merits.  In re Briscoe, 448 F.3d 201, 219 (3d Cir. 2006).

Finally, "a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'"  Boyer, 913 F.2d at 111.  All doubts concerning the propriety of

removal are to be resolved in favor of remand. Id. at 111.

**II. Plaintiff's Motion**

In this case, Plaintiff asserts a claim against Defendant Sharkey under Pennsylvania's Consumer Protection Law ("UTPCPL"), for improper handling of a UIM claim.  Plaintiff alleges that Sharkey engaged in misfeasance when she failed to respond to a settlement package; failed to evaluate the claim or offer settlement; and improperly forced the Plaintiff into a UIM proceeding.  Defendants argue that Sharkey's alleged involvement occurred prior to Plaintiff's UIM claim and other significant events, and therefore Plaintiff does not have a factually colorable claim against Sharkey.

For example, Defendants contend that Plaintiff's averments of Sharkey's misfeasance are contradicted by the fact that they advised Plaintiff that Sharkey was no longer working on the file.   The Complaint, however, alleges that on May 1, 2007  Plaintiff corresponded with Sharkey via a medical update, which was requested by Sharkey on March 2, 2007.   Plaintiff alleges that during the next several months, the insurance company did not communicate with Plaintiff.  Plaintiff later sent an April 21, 2008 settlement package.  Approximately one month after that, the insurance company's May 22, 2008 response to Plaintiff's demand for UIM benefits apprised Plaintiff that the claim had been transferred from Sharkey.  Accordingly, Plaintiff alleges, at the very least, wrongful conduct by Sharkey at some point prior to May 22, 2008.  Merely because Sharkey's involvement ended at some point in the parties' history does not decisively divorce her conduct from Plaintiff's alleged injury.

Secondarily, Defendants argue that a UTPCPL claim against an insurance adjuster is not cognizable under Pennsylvania law.  As to this argument, Plaintiff proffers, and Defendants acknowledge, extant Pennsylvania law permitting a UTPCPL claim against claims adjusters.  It is not my role, at this juncture, to resolve a difference in opinion between state courts; it is sufficient to recognize that supporting case law exists.  Similarly, Defendant argues that Plaintiff claims only that Sharkey engaged in nonfeasance, rather than misfeasance, which cannot support a UTPCPL claim under Pennsylvania law.  "Misfeasance" is the improper performance of a contractual obligation, and could include a "reckless mistake." Baer v. Hartford Mut. Ins. Co., No. 05-1346, 2005 U.S. Dist. LEXIS 27913, at *7 (E.D. Pa. Nov. 14, 2005).  Misfeasance may exist, for example, if an insurer conducted a post-loss investigation in an unfair or unreasonable manner. E.g., Haines v. State Auto Prop. & Cas. Ins. Co., No. 08-cv-5715, 2009 U.S. Dist. LEXIS 52325, at **26-27 (E.D. Pa. June 18, 2009) (citing cases).  To delve further into this issue would require an assessment of the merits of Plaintiff's claim, or an analysis similar to that triggered by Rule 12(b)(6), which applicable law precludes. E.g., Various v. Various, No. 09-MC-103, 2009 U.S. Dist. LEXIS 115408, at *19-20 (E.D. Pa. Dec. 10, 2009).

"If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111.   At a minimum, based on the facts alleged and applicable law, there exists a possibility that a state court would find a cause of

action against Sharkey. Accordingly, she was not fraudulently joined, and no diversity of citizenship exists.

## CONCLUSION

For the foregoing reasons, Defendants have not met their burden of demonstrating that Sharkey was fraudulently joined. Instead, I find that I am without jurisdiction over this matter, and will remand the case to the state court. Further, I thus lack authority to consider the remaining Motions, and will deny them accordingly.

An appropriate Order follows.

## ORDER OF COURT

AND NOW, this 5th day of February, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Remand [Docket No. 9] is GRANTED, and this matter is remanded to the Court of Common Pleas of Beaver County, Pennsylvania. The remaining Motions [Docket Nos. 6 and 19] are denied, without prejudice to Defendants to refile them in state court.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, U.S. District Court